**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| RANDALL HARRIS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| ROYAL PHILIPS, | § | |
| PHILIPS NORTH AMERICA LLC, | § | CIVIL ACTION NO. _____ |
| PHILIPS HOLDING USA, INC., | § | |
| PHILIPS RESPIRONICS, and | § | |
| PHILIPS RS NORTH AMERICA LLC, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## NOTICE OF REMOVAL

Defendants Philips North America LLC ("Philips North America"), Philips Holding USA,

Inc. ("Philips Holding"), Respironics Inc.[1] ("Respironics"), and Philips RS North America LLC

("Philips RS") (collectively, "Defendants")[2] hereby provide notice pursuant to 28 U.S.C. §§ 1332,

1441, and 1446 of the removal of the above-captioned case from the Circuit Court of Newton

County, Missouri, in which it is now pending at Case No. 22NW-CV00368 (the "Underlying

Action"), to the United States District Court for the Western District of Missouri, Southwestern

Division, and state as follows:

---

[1] Plaintiff incorrectly names "Philips Respironics" in his Complaint. As discussed, *infra*, Respironics Inc. is a fictious name owned by Philips RS.
[2] The Newton County court docket erroneously reflects service upon "Royal Philips," whose legal name is Koninklijke Philips N.V. However, upon information and belief, as of the filing of this Notice, Koninklijke Philips N.V. has not been served with the Complaint. Koninklijke Philips N.V. is a Dutch multinational company with its principal place of business in Amsterdam, Netherlands, and therefore is diverse from Plaintiff. Plaintiff admits diversity. Ex. A, ¶ 28 ("This Court has subject matter jurisdiction over this action pursuant to MRCP, §508.010 **based on complete diversity of citizenship** between Plaintiff and all Defendants.") (emphasis added).

I.    INTRODUCTION

1.    On February 25, 2022, Plaintiff Randall Harris ("Plaintiff") filed a complaint in the State Court for the Circuit Court of Newton County, Missouri, Case No. 22NW-CV00368 (the "Complaint"), attached as **Exhibit A, Complaint**.

2.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon the Defendants, including the Complaint, are attached.

3.    No other pleadings have been served on Defendants in this litigation.

4.    By filing a Notice of Removal, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendants specifically reserve their right to assert any defenses and objections to which they are entitled.

II.    FACTUAL BACKGROUND

5.    Plaintiff alleges that Defendants manufacture and sell Continuous Positive Airway Pressure ("CPAP") and Bilevel Positive Airway Pressure ("BiPAP") medical devices, as well as ventilator devices.  Ex. A, ¶¶ 1-3, 32.

6.    Plaintiff alleges that on June 14, 2021, Respironics issued a recall notification for many of its CPAP, BiPAP, and ventilator devices, *id*. ¶¶ 4, 38 n.2, due to potential health risks related to the alleged degradation of polyester-based polyurethane ("PE-PUR") sound abatement foam used in the affected devices, *id*. ¶¶ 5, 44.

7.    Plaintiff alleges the PE-PUR foam used to minimize noise in several CPAP and BiPAP devices may degrade under certain circumstances.  *Id*. ¶¶ 5, 37.

8.     Plaintiff alleges the degradation of the PE-PUR foam may cause the Device to off-gas certain chemicals, *id*. ¶¶ 6, 39, which may pose health risks to users including

headache, irritation, inflammation, respiratory issues, possible toxic and carcinogenic effects, *id*. ¶ 7, as well as asthma and adverse effects to other organs, hypersensitivity, and nausea/vomiting, *id*. ¶ 42.

9.     Plaintiff alleges Philips knew of the potential risk before issuing the recall. *Id*. ¶ 49.

10.     Plaintiff alleges he used two of the recalled products, a Philips Respironics REM Star and a DreamStation (the "Devices"), "on a daily basis for a number of years." *Id*. ¶¶ 8-9; *see also id*. ¶ 53.

11.     Plaintiff alleges he was diagnosed with lymphoid leukemia in 2021, and that his condition has worsened since he began using the device in 2000. *Id*. ¶¶ 10, 53, 58.

12.     Plaintiff alleges he has had to undergo significant treatment, will be required to undergo significant treatment in the future, and requires constant and continuous medical monitoring and treatment. *Id*. ¶ 59.

13.     Plaintiff alleges he suffered severe mental and physical pain and suffering, which have caused permanent disability to his person. *Id*. ¶ 60.

14.     Plaintiff alleges he suffered personal, emotional, and financial injuries which would not have occurred but for the defective nature of the subject device and/or Defendants' wrongful conduct. *Id*. ¶¶ 11, 12, 57, 59, 60.

15.     Plaintiff alleges causes of action in strict products liability for defective design, *id*. ¶¶ 61-83, manufacturing defect, *id*. ¶¶ 84-94, and inadequate warnings or instruction, *id*. ¶¶ 95-125, as well as causes of action for breach of implied warranty, *id*. ¶¶ 126-41, beach of express warranty, *id*. ¶¶ 142-48, negligence, *id*. ¶¶ 149-55, fraud, *id*. ¶¶ 156-67, and fraudulent concealment, *id*. ¶¶ 168-79.

16.     Plaintiff seeks compensatory damages, *id*. ¶¶ 60, 167, 179, punitive damages, *id*. ¶¶180-188, and costs and fees, *id*. at 14, 18, 20, 25, 27-29, 31-32, 34.

### III.     NOTICE OF REMOVAL IS TIMELY

17.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

18.     Philips North America LLC was served by personal service on March 8, 2022. **Exhibit B, Notice of Service of Process, Philips North America LLC**.

19.     Philips Holding USA, Inc., was served by personal service on March 8, 2022. **Exhibit C, Notice of Service of Process, Philips Holding USA, Inc**.

20.     Philips Respironics was served by personal service on March 8, 2022. **Exhibit D, Notice of Service of Process, Philips Respironics**.[3]

21.     Philips RS North America LLC was served by personal service on March 10, 2022. **Exhibit E, Notice of Service of Process, Philips RS North America LLC.**

22.     This notice is timely because it is being filed within thirty days of service on Defendants.

23.     Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to pursuant to 28 U.S.C. § 1446(c)(1).

### IV.     GROUNDS FOR REMOVAL

24.     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

[3] As explained, *infra*, Philips Respironics is a fictional name owned by Philips RS.  As such, service was made upon Philips RS.

defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

25.     Furthermore, this court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy plainly exceeds $75,000.

      a.    <u>There is complete diversity among the parties.</u>

26.     Diversity jurisdiction "require[s] complete diversity of citizenship," *i.e.*, "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Accordingly, diversity jurisdiction requires complete diversity; that is, where no defendant holds citizenship in the same state where any plaintiff holds citizenship.  *Eckerberg v. Inter-State Studio & Publ'g Co*., 860 F.3d 1079, 1084 (8th Cir. 2017).

27.     The general rule is that diversity is determined at the time of removal, not at the time the injuries were suffered.  *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) ("It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal."); *McMahan v. Hawkeye Hotel, Inc*, No. 20-00945-CV-W-GAF, 2021 WL 5548572, at *2 (W.D. Mo. Feb. 8, 2021).

28.     As a preliminary matter, Plaintiff pleads complete diversity in the Complaint. Ex. A, ¶ 28 ("This Court has subject matter jurisdiction over this action pursuant to MRCP, §508.010 based on complete diversity of citizenship between Plaintiff and all Defendants."). Even so, as explained below, there is complete diversity of citizenship to support diversity jurisdiction.

i. <u>Plaintiff is a Missouri citizen.</u>

29.    An individual is a citizen of the state in which he or she is domiciled.  *Aly v. Hanzada for Imp. & Exp. Co., LTD*, 864 F.3d 844, 847 (8th Cir. 2017) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State.") (emphasis in original).

30.    Plaintiff states he is "an adult resident and citizen of the State of Missouri, residing in Newton County, Missouri."  Ex. A, ¶ 13.

31.    Therefore, Plaintiff is a citizen of Missouri.

ii. <u>Respironics is alleged to be diverse and, in any event, is a fictitious name whose citizenship does not have a bearing on diversity of citizenship for removal.</u>

32.    Plaintiff alleges Defendant Philips RS operated under the name Respironics, Inc. *Id*. ¶ 17.  Plaintiff alleges Respironics, Inc., is a Delaware corporation with its principal place of business in Pennsylvania and thus, as alleged, is diverse from the Defendants.

33.    Notwithstanding this, Respironics, Inc., is currently a registered fictitious name owned by Philips RS, not a legal entity. *See* **Exhibit F, Respironics Inc. Incorporation Information**.

34.    When determining whether a civil action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *Noble v. Ozborn-Hessey Logistics*, No. 4:14-CV-01149-NKL, 2015 WL 852392, at *1, 3 (W.D. Mo. Feb. 26, 2015) (denying motion to remand and disregarding "the citizenship of defendants sued under fictitious names" because "§ 1441(b)(1) expressly states that the citizenship of fictitious defendants should be disregarded in determining whether a civil action is removable") (internal citation omitted); *see also Kenney v. Strauss Troy Co.,*

*LPA*, CV 16-208-DLB-CJS, 2017 WL 2457152, at *3, n.2 (E.D. Ky. June 6, 2017) (denying motion to remand and disregarding citizenship of fictitious name that was not a legal entity separate from law firm partnership).

35.     Thus, Respironics, Inc.'s citizenship is of no consequence for diversity purposes. *See Shaffer v. DaVita Southwest Ohio Dialysis*, 3:13-CV-232, 2013 WL 5366090, at *3 n.3 (S.D. Ohio Sept. 24, 2013) (rejecting plaintiffs' argument that DaVita Southwest Ohio Dialysis is an Ohio citizen merely because it registered a fictitious name in Ohio and conducts business in Ohio); *see also Kolesar ex rel. Kolesar v. Evangelical Lutheran Good Samaritan Soc*., No. 4:11CV00915 SWW, 2012 WL 1520283, at *2 n.2 (E.D. Ark. Apr. 30, 2012) (finding that citizenship of fictitiously named corporate defendants had no bearing on removal per 28 U.S.C. § 1441(b)(1)).

36.     The true operating entity associated with the Respironics, Inc. fictitious name is Defendant Philips RS.  As explained, *infra*, Philips RS is a citizen of Massachusetts and Delaware and, thus, is diverse from the Plaintiff.

iii. Defendant Philips RS is a citizen of Massachusetts and Delaware.

37.     Philips RS is a Delaware limited liability company with its principal place of business located in Pennsylvania.  **Exhibit G, Philips RS North America LLC Corporate Records & Business Registrations**.

38.     As a limited liability company, however, Philips RS is a citizen of the states where its members are citizens for purposes of diversity jurisdiction.  *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) ("'An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.'") (citation omitted).

39.     Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141.  **Exhibit H, Philips RS North America Holding Corporation Corporate Records & Business Registrations**.

40.     For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

41.     Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS also is a citizen of both Delaware and Massachusetts. Therefore, Philips RS is diverse from Plaintiff.

                iv. Defendants Philips North America and Philips Holding are citizens of Delaware and Massachusetts.

42.     Philips North America is a Delaware limited liability company with its principal place of business in Massachusetts, and is wholly owned by a single member, Philips Holding, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141.  **Exhibit I, Philips North America LLC Corporate Records & Business Registrations**; **Exhibit J, Philips Holding USA Inc. Corporate Records & Business Registrations**.

43.     Accordingly, because Philips Holding is a citizen of both Delaware and Massachusetts, Philips North America also is a citizen of both Delaware and Massachusetts. *See E3 Biofuels, LLC*, 781 F.3d at 975 (explaining that LLC is citizen of the state where its members are citizens); 28 U.S.C. § 1332(c)(1) (explaining that corporation is citizen of both the state where it is incorporated and state where it has its principal place of business). Therefore, Philips North America is diverse from Plaintiff.

v.      There is Complete Diversity Between the Parties

44.     Thus, based on the foregoing, there is complete diversity between the parties.

| Plaintiff | Defendants |
|---|---|
| Randall Harris (MO) | Philips North America (DE/MA)<br>Philips RS (DE/MA)<br>Philips Holding (DE/MA) |

b.      The amount in controversy requirement is satisfied.

45.     There plainly is more than $75,000 in controversy.  *See* 28 U.S.C. § 1332(a).

46.     Plaintiff does not explicitly plead in the Complaint that the amount in controversy exceeds $75,000;[4] however, given the nature and extent of Plaintiff's alleged injuries, the amount in controversy plainly exceeds the jurisdictional threshold.  *See Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) ("The amount-in-controversy requirement may be satisfied even when 'the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum.'") (citation omitted).

47.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016); *Mallory v. AT&T*, No. 4:19-CV-00900-DGK, 2020 WL 479263, at *1 (W.D. Mo. Jan. 29, 2020).

---

[4] Plaintiff pleads there is more than $25,000 in controversy, exclusive of interest and costs under MRCP § 508.010, Ex. A, ¶ 28, but he does not explicitly plead more than $75,000 is in controversy.

48.    Plaintiff alleges he suffered serious, substantial, and life-altering injuries as a result of the allegedly defective Devices and/or Defendants' wrongful conduct.  Ex. A, ¶¶ 11-12.

49.    These alleged injuries include lymphoid leukemia, *id*. ¶¶ 10, 12, which has required and will continue to require significant treatment, medical monitoring, and medical expenses.  ¶¶ 59, 82, 125, 141, 148.

50.    Plaintiff also alleges he has experienced severe mental pain and suffering, physical pain and suffering, and permanent disability.  *Id.* ¶ 60.  He also alleges financial injuries.  *Id*. ¶ 12.

51.    Plaintiff further seeks compensatory damages, *id*. ¶¶ 60, 167, 179, punitive damages, *id*. ¶¶ 180-88, and costs and fees, *id*. at 14, 18, 20, 25, 27-29, 31-32, 34.

52.    Defendants deny any liability to Plaintiff; however, the nature of the case (a medical device products liability action), the harm alleged (cancer and related treatment), and the nature of the damages requested (compensatory damages, past and future pain and suffering damages, and punitive damages) put far more than $75,000 in controversy.

53.    In *Fuller v. Pistorius Mach. Co*., plaintiff brought a products liability action alleging permanent injuries and damages for "for medical care and treatment, surgery and therapy, and . . . lost wages and . . . earnings capacity," and filed a motion to remand after defendant removed to federal court, arguing, in part, that the amount in controversy was not satisfied.  No. 05-6099-CV-W-FJG, 2006 WL 8438334, at *1 (W.D. Mo. July 21, 2006).

54.    The court denied remand and found that because plaintiff "alleged in his petition a serious and disabling injury," the amount in controversy clearly exceeded $75,000.00.  *Fuller*, 2006 WL 8438334, at *2.

55.    Missouri District Courts have denied remand in cases concerning similar alleged personal, emotional, and financial injuries. *See Jones v. Canyon Creek Apartments, LLC*, No. 4:18-CV-0612-DGK, 2018 WL 5410968, at *2 (W.D. Mo. Oct. 29, 2018) (denying motion to remand in personal injury suit, in part, because plaintiff alleged "severe, permanent, progressive, painful and disabling injuries" as well as pain and emotional distress); *Ippert v. Schwan's Home Serv., Inc.*, No. 4:10CV01947 AGF, 2011 WL 839654, at *2 (E.D. Mo. Mar. 7, 2011) (denying motion to remand in a personal injury suit, in part, because plaintiff alleged "severe, permanent and progressive injuries"); *O'Keefe v. Midwest Transit, Inc.*, No. 4:06 CV 1060 DDN, 2006 WL 2672992, at *2 (E.D. Mo. Sept. 18, 2006) (denying motion to remand in a personal injury suit, in part, because plaintiff alleged she "received serious and permanent injuries" and "will suffer, because of her permanent and progressive injuries, a great deal of pain and suffering in the future"); *Schmidt v. Flesch*, No. 4:05CV1498 HEA, 2006 WL 1026952, at *2 (E.D. Mo. Apr. 13, 2006) (denying motion to remand in a personal injury suit, in part, because plaintiff alleged damages for personal injuries, past medical expenses, future medical expenses, and future physical and mental pain).[5]

56.    Accordingly, given the similarities to the injuries and damages alleged, the amount in controversy easily is satisfied.

57.    Additionally, punitive damages, which Plaintiff seeks, may be used to establish the amount in controversy requirement for diversity jurisdiction. *Crawford v. F. Hoffman-La*

---

[5] Other courts are in agreement. *See Bass v. IKEA U.S. East, LLC*, No. 16-cv-10694, 2016 WL 2342321, at *2 (E.D. Mich. May 4, 2016) (finding amount-in-controversy likely exceeded $75,000 when plaintiff incurred "substantial sums of money for medical care" and sought damages for pain and suffering and mental anguish); *Evans v. CDX Services, LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. Jan. 4, 2007) (denying remand and noting "[w]hen the Court 'considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied'") (citation omitted).

*Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *Genie Mach. Prod., Inc. v. Midwestern Mach. Co.*, 367 F. Supp. 897, 899 (W.D. Mo. 1974) ("It is well settled that compensatory and punitive damages can be combined in determining the amount in controversy when punitive damages legally can be recovered under the cause pleaded by a party."); *see In re Folgers Coffee, Mktg. Litig.*, No. 21-2984-MD-W-BP, 2021 WL 5106457, at *3 n. 2 (W.D. Mo. Aug. 19, 2021) ("The amount in controversy also includes punitive damages.").

58.    Finally, Plaintiff's demand for attorney's fees, Ex. A, ¶¶ 167, 179, "[is] also included in the calculation." *Browitt v. Elec. Ins. Co.*, No. 09-03342-CV-S-DGK, 2010 WL 11619501, at *2 (W.D. Mo. Jan. 26, 2010).

59.    Therefore, it is facially apparent that the amount in controversy requirement is satisfied.

## V.    VENUE

60.    This lawsuit may be removed to the United States District Court for the Western District of Missouri, Southwestern Division pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

61.    The United States District Court for the Western District of Missouri, Southwestern Division, is the federal judicial district encompassing the Circuit Court of Newton County, Missouri, where this suit was originally filed.  28 U.S.C. § 105(b)(2); Local Rule 3.2(a)(3)(b).

62.    On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order, consolidating related class action cases and individual personal injury cases like this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania, before the Honorable Joy Flowers Conti (the "MDL") for coordinated or consolidated pretrial proceedings.  **Exhibit K, Transfer Order**.

63.    It is anticipated that this case will be transferred to the MDL following removal.

## VI.    CONSENT

64.     Each Defendant that has been properly joined and served consents to removal as required by 28 U.S.C. § 1446(b)(2).[6]

## VII.    PROCEDURE

65.     Written notice of the filing of the Notice of Removal will be promptly served on all other parties to this action and a copy will be promptly filed with the Circuit Court of Newton County, Missouri as required by 28 U.S.C. § 1446(d).

66.     Included with this Notice of Removal is the filing fee of $402 required by 28 U.S.C. § 1914.

## VIII.    CONCLUSION

Defendants respectfully remove this action from the Circuit Court of Newton County, Missouri to the United States District Court for the Western District of Missouri, Southwestern Division.

---

[6] As a fictitiously named defendant, the consent of Philips Respironics is not required for removal. *Shannon v. GFK Custom Rsch. LLC*, No. 4:13-CV-682 CAS, 2013 WL 2395009, at *3 (E.D. Mo. May 30, 2013) (holding that consent from fictitiously named corporate defendant was not required for removal purposes).

Respectfully Submitted,

/s/ Matthew W. Geary_____

John P. Lavelle, Jr.                          Matthew W. Geary (MO Bar # 53328)
**MORGAN, LEWIS & BOCKIUS LLP**          Dysart Taylor Cotter McMonigle & Brumitt, P.C.
1701 Market Street                           700 W. 47th Street, Suite 410
Philadelphia, PA  19103-2921                 Kansas City, MO  64112
Telephone:     +1.215.963.5000               Telephone:     +1.816.931.2700
Facsimile:     +1.215.963.5001               Facsimile:     +1.816.931.7377
*john.lavelle@morganlewis.com*               *mgeary@dysarttaylor.com*

*Of Counsel for Defendants Philips RS North*   *Counsel for Defendants Respironics, Inc., Philips*
*America LLC and Respironics, Inc.*             *RS North America LLC, Philips North America*
                                             *LLC, and Philips North America Holding, Inc.*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA  90067-1725
Telephone:     +1.310.712.6670
Facsimile:     +1.310.712.8800
*steinbergm@sullcrom.com*

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY  10004-2498
Telephone:     +1.212.558.7375
Facsimile:     +1.212.558.3588
*monahanw@sullcrom.com*

Dated:  April 6, 2022

*Of Counsel for Defendant Philips North*
*America LLC and Philips North America*
*Holding, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 6, 2022, I filed this Notice of Removal with the Clerk of the Court by using CM/ECF system, which will send notice of electronic filing to:

Edward Hershewe
The Hershewe Law Firm, P.C.
431 South Virginia Avenue,
Joplin, MO  64801
Telephone:      +1.417.782.3790
Facsimile:      +1.417.782.8482
ed.hershewe@h-law.com

*Counsel for Plaintiff*

*/s/ Matthew W. Geary*_____
Matthew W. Geary